# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-853V
Filed: December 14, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| B.P., | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Motion to Redact. |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * | | |

B.P., Pro Se, Lexington, KY, for petitioner.
Althea W. Davis, United States Department of Justice, Washington, DC, for respondent.

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO REDACT[1]

### I. Procedural and Factual History

On August 10, 2015, B.P. ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving a polio vaccine on April 25, 1955, she suffered poliomyelitis at age seven. See Petition at Preamble, docket no. 1, filed Aug. 10, 2015. On November 9, 2015, the undersigned issued a decision dismissing the petition under § 300aa-16(a)(1). See Decision, docket no. 8, filed Nov. 9, 2015. On November 19, 2015, petitioner timely filed a motion to redact personal identifying information, financial information, and medical documentation from the entire record in this matter, including petitioner's medical records filed in support of her petition. See Motion

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

to Redact at 1-2, docket no. 9, filed Nov. 19, 2015. Along with her motion, petitioner filed the entire evidentiary record in this case with portions redacted as she sees fit. In support of her motion, petitioner raises concerns of unnecessary invasion of privacy.

## II.     Discussion

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See 42 U.S.C. §300aa-12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (2011). While a petitioner has an interest in keeping sensitive medical or other information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Human Servs., 2011 WL 4348135, *13 (Ct. Fed. Cl. Spec. Mstr., Aug. 25, 2011).

Here, petitioner's name does not bear on public awareness of vaccines and the medical conditions they may or may not cause. Accordingly, petitioner's name will be substituted with her initials, B.P., in the case caption and where it appears on CM/ECF.[3] Additionally, references to petitioner's name as it appears in the dismissal decision issued on November 9, 2015 will be replaced with her initials. With regard to petitioner's suggested redactions of medical records and motions, the undersigned reminds petitioner that while decisions and ruling are posted publicly, the evidentiary record—including the docket, medical records, and other documents—are confidential and can be viewed only by counsel of record and court staff with credentials to access them. Thus, all documents and medical records associated with this case are protected from public disclosure, with the exception of the decision, which the undersigned will redact to include petitioner's initials only. In summary, petitioner's motion to redact her name to initials is **GRANTED**, but the motion, to the extent that it requests redaction of her name and other information from all records filed with the court (which are confidential and not subject to public view), is **DENIED**.

**The Clerk of the Court is instructed to substitute petitioner's name with her initials where it appears on the docket**. Additionally, prior to posting the decision issued on November 9, 2015 on the court's website, petitioner's name will be replaced with her initials, B.P. This order will also be redacted to include petitioner's initials prior to posting.

IT IS SO ORDERED.

Thomas L. Gowen
Special Master

---

[3] CM/ECF stands for "Case Management/Electronic Case Files."