# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-853V
Filed: November 9, 2015
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
B.P.,                                       *
                                            *
               Petitioner,                  *    Dismissal under Section 16(a)(1).
v.                                          *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
               Respondent.                  *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

B.P., Pro Se, Lexington, KY, petitioner.
Althea W. Davis, United States Department of Justice, Washington, DC for respondent.

## DECISION DISMISSING PETITION[1]

**Gowen**, Special Master:

On August 10, 2015, B.P. ("petitioner") filed a petition pro se for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] [the "Vaccine Act" or "Program"]. The petition alleged that as a result of receiving a polio vaccine on April 25, 1955 she developed poliomyelitis at age seven. Petition at Preamble, docket no. 1, filed Aug. 10, 2015. Along with a petition, petitioner filed several of her medical records and several newspaper articles

---

[1] Because this decision, issued on November 9, 2015, contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). Pursuant to Vaccine Rule 18(b), petitioner filed a motion to redact this decision and other documents contained in the record on November 19, 2015. The undersigned granted in part petitioner's motion. Accordingly, this decision has been redacted to include petitioner's initials only.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

from 1955 on the polio vaccine. See Petitioner's Exhibit ("Pet. Ex.") 1-8, docket no. 1, filed Aug. 10, 2015.

Pursuant to Vaccine Rule 4(b), an initial telephonic status conference was held on September 2, 2015 to discuss petitioner's claim. B.P. participated on her own behalf, and Ms. Althea Davis participated on behalf of respondent. During the status conference, the undersigned explained to B.P. that the deadline to file her claim had passed. B.P. stated that she and many of her physicians were not aware of the Program for the many years she sought treatment for her poliomyelitis, and thus she was not in a position to file a claim within the required time.

While the undersigned is sympathetic to B.P.'s circumstances, section 16(a)(1) of the Vaccine Act provides that "no petition may be filed for compensation under the Program" for an alleged injury or death as a result of a covered vaccine administered before October 1, 1998 "after the expiration of 28 months after October 1, 1988. . . ." §16(a)(1). The statute further provides that "no petition may be filed if the first symptom or manifestation of onset . . . occurred more than 36 months after the date of administration of the vaccine." Id. Here, petitioner is alleging the onset of her poliomyelitis was days after her April 25, 1955 vaccination. See Petition at Preamble. However, petitioner did not file her claim before the expiration of twenty-eight months after October 1, 1988.

By statute, Congress created a twenty-eight month look-back period under the Vaccine Act, wherein a person who suffered a vaccine-injury from a vaccine administered before October 1, 1988 may file a claim, and potentially receive compensation, if such person files the claim by February 1, 1991. Once the statutorily prescribed deadline passed, however, compensation from this Program became unavailable for injuries occurring before October 1, 1988. The Federal Circuit addressed this provision of the Vaccine Act in Weddell v. Sec'y of HHS, 100 F.3d 929, 932 (Fed. Cir. 1996). The Circuit held that the February 1, 1991 deadline "created a condition that defined and closed the class." Id. The Circuit further held that "[b]ecause the clear language of the statute indicate[ed] Congress's express intent to prevent filings after a specific date, the provision must be read as a statute of repose rather than a statute of limitations," and thus section 16(a)(1) of the Vaccine Act "is not subject to equitable tolling." Id.

Petitioner here alleges to have received a polio vaccine on April 25, 1955, which caused her an injury days later. Petitioner received this vaccination before October 1, 1988, and so by statute, she would have had to file any potential claim by February 1, 1991. Regrettably, petitioner filed her petition on August 10, 2015, many years after the statutorily imposed deadline. Accordingly, this petition must be **DISMISSED on the grounds that the claim is barred under § 300aa-16(a)(1) of the Vaccine Act. The Clerk of the Court shall enter judgement.**

**IT IS SO ORDERED.**

Thomas L. Gowen
Special Master